UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III, *f/k/a George Cleveland, III, #357770,* | ) C/A No. 4:17-2138-RBH-TER |
| Plaintiff, | ) Report and Recommendation |
| vs. | ) |
| State of South Carolina, | ) |
| Defendant. | ) |

This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

Plaintiff has filed documents in an attempt to remove a case from the South Carolina Supreme Court to this federal district court. Plaintiff filed a "Notice of Removal of Civil Action from State Court." (ECF No. 1-1). Plaintiff attached the "Petition for Rehearing of July 28, 2017 Order of Dismissal" that was filed with the South Carolina Supreme Court on August 5, 2017, in appellate cause no. 2017-001419. (ECF No. 1).

In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute,

which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936).

The statute governing the procedure for removal of civil actions, 28 U.S.C. § 1446, provides for the ability of a **Defendant** to file a notice of removal. The Notice must contain a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon **Defendant**. 28 U.S.C. § 1446; *see also Ex parte Bopst*, 95 F.2d 828, 829 (4th Cir. 1938)("in removal proceedings the provisions of the removal statute must be strictly followed, and that procedural matters thus become jurisdictional"). Only defendants can file notices of removal. Plaintiff is not the Defendant. The court has no jurisdiction here. Furthermore, the time for removal by **a defendant** is within 30 days of receipt of the **initial** pleading. 28 U.S.C. § 1446. Plaintiff also cites 28 U.S.C. § 1443, which also provides for removal by a **defendant**.

Moreover, Plaintiff cannot appeal any decision by the South Carolina Supreme Court to this federal district court. The United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments. *See* 28 U.S.C. § 1257 (U.S. Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 476–82 (1983). In civil, criminal, and other cases heard in the courts of the State of South Carolina, appeals of state court decisions are within the jurisdiction of the South Carolina Court of Appeals and/or the South Carolina Supreme Court.

*See Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). As to any challenges Plaintiff may be making to final judgments in prior state court proceedings, the Rooker–Feldman Doctrine bars them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To the extent Plaintiff claims any injury caused by allegedly erroneous state court proceedings, any such state court ruling cannot be reviewed or set aside and such relief cannot be granted by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court proceedings by federal district courts is implicated when a ruling in the plaintiff's favor on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker–Feldman* Doctrine. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Notice of Removal in this case *without prejudice and without issuance and service of process*.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

August 15, 2017  
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).