UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:17-cv-02138-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of

United States Magistrate Judge Thomas E. Rogers, III.[1] *See* R & R [ECF No. 7]. The Magistrate Judge

recommends that the Court summarily dismiss Plaintiff's "Notice of Removal of Civil Action from

State Court" without prejudice and without issuance and service of process.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

to which specific written objections have been filed. *Id.* However, the Court need not conduct a de

novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt

---

[1]    The Magistrate Judge filed the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule
73.02(B)(2)(e) (D.S.C.).

to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of timely filed specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983). Failure to file timely objections constitutes a waiver of de novo review and a party's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984); *Chestnut v. Thompson*, 585 F. App'x 284, 285 (4th Cir. 2014).

Objections to an R & R must be filed within fourteen days of the date of service. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When service of the R & R is made by mail (as in this case), the objecting party has three additional days to file objections. *See* Fed. R. Civ. P. 6(d). A paper is filed when it is delivered to the Clerk (or a judge), not when it is mailed.[2] *See* Fed. R. Civ. P. 5(d)(2).

**Discussion**

The Magistrate Judge entered the R & R on August 15, 2017, and the Clerk mailed Plaintiff a copy of the R & R that same day. *See* ECF Nos. 7 & 8. Plaintiff's objections were therefore due by September 1, 2017.[3] *Id.* Plaintiff did not file objections. He did, however, file a motion for an extension of time to file objections, but the motion was untimely because the Clerk did not receive it

---

[2]      The prison mailbox rule recognized in *Houston v. Lack*, 487 U.S. 266 (1988), does not apply in this case because Plaintiff is not a prisoner. *See* 487 U.S. at 271.

[3]      The R & R notified Plaintiff that "[s]pecific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation" and that "**[f]ailure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**." R & R at 4. *See generally Green v. Reynolds*, 671 F. App'x 70–71 (4th Cir. 2016) ("The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance."). Because Plaintiff was served by mail, he had three additional days to file objections. *See* Fed. R. Civ. P. 6(d).

until September 7, 2017—six days after objections were due.[4]  *See* ECF Nos. 10 & 10-1 (September

7, 2017 timestamps by the Clerk).  The Court will deny Plaintiff's motion because (1) he did not file

it within the time for filing objections, and (2) he has not demonstrated the good cause and excusable

neglect required for an extension of time.  *See* Fed. R. Civ. P. 6(b)(1) ("When an act may or must be

done within a specified time, the court may, for good cause, extend the time: (A) with or without motion

or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.");

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)

(indicating the district court has broad discretion in considering a Rule 6(b)(1) motion for extension of

time).

"[I]n the absence of a ***timely filed*** objection, a district court need not conduct a de novo review,

but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept

the recommendation.'"  *Diamond*, 416 F.3d at 315 (emphasis added) (quoting Fed. R. Civ. P. 72

advisory committee's note).  The Court has reviewed Plaintiff's Complaint/Notice of Removal and the

Magistrate Judge's R & R evaluating these documents.  Having done so, the Court discerns no clear

error and therefore will adopt and incorporate the R & R by reference.

### Conclusion

For the foregoing reasons, the Court finds no clear error and therefore adopts and incorporates

by reference the R & R [ECF No. 7] of the Magistrate Judge.  Accordingly, the Court **DISMISSES** the

---

[4]  Curiously, Plaintiff dated this motion "August 04, 2017."  *See* ECF No. 10 at p. 2.  The Court notes the
Magistrate Judge did not issue the R & R until August 15, 2017—as Plaintiff himself recognized in his motion.  *See
id*. at p. 1.  In any event, Plaintiff's motion is untimely because, as explained above, he is not a prisoner and the
motion was not delivered to the Clerk until September 7.

Notice of Removal *without prejudice and without issuance and service of process*. The Court **DENIES**

Plaintiff's motion for an extension of time to file objections to the R & R [ECF No. 10].

**IT IS SO ORDERED.**


Florence, South Carolina
September 13, 2017

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge